IN THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JEANNIE K. MAY, )
)
    Plaintiff, )
)
v. ) No. 4:14-cv-578-TCM
)
NATIONSTAR MORTGAGE, LLC, )
)
    Defendant. )

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO COUNTS I, III AND VII OF PLAINTIFF'S FIRST AMENDED VERIFIED
PETITION FOR DAMAGES AND INJUNCTIVE RELIEF**

Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant"), by and through its undersigned counsel, for its Answer and Affirmative Defenses to Counts I, III and VII of Plaintiff's First Amended Verified Petition for Damages and Injunctive Relief (the "Petition"), states as follows:

**PRELIMINARY STATEMENT**

1. Defendant admits that this action is filed by Plaintiff Jeannie K. May ("Plaintiff"), that Plaintiff fell behind on the subject note and filed a Chapter 13 bankruptcy proceeding in this judicial district. Defendant also admits that Plaintiff agreed to perform a Chapter 13 plan, the terms of which speak for themselves. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

2. The allegations in this paragraph refer to a written document: Nationstar's Response to the Chapter 13 Trustee's Notice of Final Cure Payment. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document. Defendant

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

3. The prolix allegations in this paragraph refer to multiple written documents, including: a February 26, 2013 notice, April 18, 2013 statement, August 30, 2013 notice, payment records, and Plaintiff's pleadings and motions in this action. These documents speak for themselves, and Nationstar denies any allegations that are inconsistent with these documents. Nationstar further denies the characterizations of Plaintiff's pleadings and motions and any claims made therein. In further answer, Nationstar admits that it made a loan modification offer to Plaintiff and that a foreclosure sale was originally scheduled for February 24, 2014, but it was cancelled. Nationstar denies the remaining allegations contained in this paragraph.

## PARTIES, JURISDICTION, AND VENUE

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

5. Defendant denies the allegations contained in this paragraph.

## VENUE & JURISDICTION

6. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations contained in this paragraph.

7. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations contained in this paragraph.

## **FACTS COMMON TO ALL CLAIMS**

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

10. Defendant admits that CitiMortgage transferred servicing rights to Nationstar effective November 1, 2010. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

11. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations contained in this paragraph.

12. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations contained in this paragraph. Answering further, the allegations in this paragraph refer to a written document: a pooling and servicing agreement. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

13. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations contained in this paragraph.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph and, therefore, Defendant denies those allegations. The allegations contained in the second sentence of this paragraph refer to a written document attached to the Petition as Exhibit A. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

16. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit B. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

17. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit C. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

18. The allegations contained in the first sentence of this paragraph contain a legal conclusion to which no response is required. To the extent a response is required, Defendant admits those allegations. The remaining allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit D. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph and, therefore, Defendant denies those allegations. The remaining allegations in this paragraph refer to written documents attached to the Petition as Exhibits E and F. These documents speak for themselves, and Nationstar denies any allegations that are inconsistent with these documents.

20. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit G. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

21. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit H. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

22. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit I. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

23. This first sentence of this paragraph contains a legal conclusion to which no response is required, and refers to Bankruptcy Rule of Civil Procedure 3002.1(c). To the extent a response is required, Rule 3002.1(c) speaks for itself, and Nationstar denies any allegations that are inconsistent with Rule 3002.1(c). In further answer, Nationstar states that the record in the Plaintiff's bankruptcy proceeding and filings made by Nationstar in the Plaintiff's bankruptcy proceeding speak for themselves, and Nationstar denies any allegations that are inconsistent with the record of such filings in the bankruptcy proceeding.

24. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit J. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

25. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit K. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

27. The allegations contained in this paragraph refer to written documents attached to the Petition as Exhibit L. The documents speak for themselves, and Nationstar denies any allegations that are inconsistent with these documents.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph and, therefore, Defendant denies those allegations. Nationstar admits that it told Plaintiff it did not send out statements during bankruptcy proceedings, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of this paragraph and, therefore, Defendant denies those allegations. Defendant denies the allegations contained in the last sentence of this paragraph.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph and, therefore, Defendant denies those allegations. The allegations contained in the second sentence of this paragraph refer to a written document attached to the Petition as Exhibit M. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

31. The allegations contained in the first sentence of this paragraph refer to a written document attached to the Petition as Exhibit N. This document speaks for itself, and Nationstar

denies any allegations that are inconsistent with this document. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of this paragraph and, therefore, Defendant denies those allegations.

32. Nationstar admits that during 2013 its representatives made phone calls to Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

33. Nationstar denies the allegations contained in this paragraph.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations. In further answer, the document attached to the Petition as Exhibit O speaks for itself, and Nationstar denies any allegations that are inconsistent with the document.

35. The allegations contained in the first sentence of this paragraph refer to a written document attached to the Petition as Exhibit P. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of this paragraph and, therefore, Defendant denies those allegations.

36. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit Q. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

37. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit R. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

38. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit S. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations. In further answer, the document attached to the Petition as Exhibit T speaks for itself, and Nationstar denies any allegations that are inconsistent with the document.

40. Nationstar denies the allegations contained in this paragraph.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of this paragraph and, therefore, Defendant denies those allegations. The remaining allegations contained in this paragraph refer to written documents attached to the Petition as Exhibits U, V and W. These documents speak for themselves, and Nationstar denies any allegations that are inconsistent with these documents.

42. Nationstar denies the allegations contained in this paragraph.

43. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit X. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

44. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit Y. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

45. Nationstar denies the allegations contained in this paragraph.

46. Nationstar denies the allegations contained in this paragraph.

47. Nationstar denies the allegations contained in this paragraph.

48. Nationstar admits that during 2013 its representatives made phone calls to Plaintiff. The allegations contained in the second sentence of this paragraph refer to a written document attached to the Petition as Exhibit Z. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

49. The allegations contained in the first sentence of this paragraph refer to a written document attached to the Petition as Exhibit AA. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document. In further answer, Nationstar admits the allegations contained in the second sentence of this paragraph.

50. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit BB. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

51. The allegations contained in the first sentence of this paragraph refer to a written document attached to the Petition as Exhibit CC. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document. In further answer, Nationstar admits the allegations contained in the second sentence of this paragraph.

52. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit DD. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

53. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit EE. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

54. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit FF. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

55. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit GG. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

56. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit HH. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

57. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit II. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

58. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit JJ. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

59. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit KK. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

61. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit LL. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

62. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit MM. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

63. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit NN. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

64. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit OO. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and, therefore, Defendant denies those allegations.

66. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit PP. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document.

## COUNT I
## VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 USC §1605 [sic]

67. Defendant restates and incorporates by reference its answers to each of the other allegations contained in the Petition, as if set forth fully herein.

68. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit U. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document. The final sentence of this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations in the last sentence of this paragraph.

69. Nationstar denies the allegations contained in this paragraph.

70. Nationstar denies the allegations contained in this paragraph.

71. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit W. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document. The final sentence of this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations in the last sentence of this paragraph.

72. Nationstar denies the allegations contained in this paragraph.

73. Nationstar denies the allegations contained in this paragraph.

74. The allegations contained in this paragraph refer to a written document attached to the Petition as Exhibit II. This document speaks for itself, and Nationstar denies any allegations that are inconsistent with this document. The final sentence of this paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations in the last sentence of this paragraph.

75. Nationstar denies the allegations contained in this paragraph.

76. Nationstar denies the allegations contained in this paragraph.

77. Nationstar denies the allegations contained in this paragraph.

## COUNT II
## VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT

78. Defendant has moved to dismiss Count II, and therefore need not respond to the allegations contained in paragraphs 78 through 90.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 USC §§ 1692 *ET SEQ.*

91. Defendant restates and incorporates by reference its answers to each of the other allegations contained in the Petition, as if set forth fully herein.

92. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations as stated in this paragraph.

93. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegations as stated in this paragraph.

94. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Nationstar denies the allegation as stated in this paragraph.

95. Nationstar denies the allegations contained in this paragraph.

96. Nationstar denies the allegations contained in this paragraph.

97. Nationstar denies the allegations contained in this paragraph.

## COUNT IV
## SLANDER OF TITLE

98. Defendant has moved to dismiss Count IV, and therefore need not respond to the allegations contained in paragraphs 98 through 104.

## COUNT V
## INVASION OF PRIVACY

105. Defendant has moved to dismiss Count V, and therefore need not respond to the allegations contained in paragraphs 105 through 111.

## COUNT VI
## WRONGFUL FORECLOSURE

112. Defendant has moved to dismiss Count VI, and therefore need not respond to the allegations contained in paragraphs 112 through 116.

## COUNT VII
## BREACH OF CONTRACT

117. Defendant restates and incorporates by reference its answers to each of the other allegations contained in the Petition, as if set forth fully herein.

118. The allegations in this paragraph refer to a written document, the note. The note speaks for itself, and Nationstar denies any allegations that are inconsistent with the note.

119. The allegations in this paragraph refer to a written document, the note. The note speaks for itself, and Nationstar denies any allegations that are inconsistent with the note.

120. Nationstar admits the allegations contained in this paragraph.

121. The allegations in this paragraph refer to a written document, the note. The note speaks for itself, and Nationstar denies any allegations that are inconsistent with the note.

122. The allegations in this paragraph refer to a written document, the deed of trust. The deed of trust speaks for itself, and Nationstar denies any allegations that are inconsistent with the deed of trust.

123. The allegations in this paragraph refer to a written document, the deed of trust. The deed of trust speaks for itself, and Nationstar denies any allegations that are inconsistent with the deed of trust.

124. Nationstar states that the terms of Exhibit K speak for themselves and denies the allegations contained in this paragraph.

125. Nationstar denies the allegations contained in this paragraph.

126. Nationstar denies the allegations contained in this paragraph.

127. Nationstar denies the allegations contained in this paragraph.

128. Nationstar denies the allegations contained in this paragraph.

129. Nationstar denies the allegations contained in this paragraph.

130. Nationstar denies the allegations contained in this paragraph.

131. Nationstar denies any allegations in the Petition not specifically admitted herein.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. Defendant affirmatively asserts that the Amended Petition fails to state facts upon which relief can be granted against Nationstar and, thus, all claims against Nationstar should be dismissed for failure to state a claim.

2. Plaintiff's claims, particularly her breach of contract claim, are barred by her prior material breach.

3. Plaintiff's Amended Petition fails to state a claim because the Note and Deed of Trust executed by Plaintiff are enforceable, and bar Plaintiff's claims.

4. Plaintiff's Amended Petition fails to state a claim because she failed to comply with the terms and conditions of the Note and/or Deed of Trust she executed, including failing to make monthly payments.

5. Plaintiff's claims against Defendant for damages and equitable relief fail under the doctrines of waiver, estoppel and unclean hands.

6. Defendant complied with all federal and state statutes, regulations and/or laws.

7. Plaintiff's claims against Defendant are barred because she has suffered no damages compensable from Defendant, and the types of personal injury damages sought by Plaintiff are not recoverable under one or more of the claims asserted by Plaintiff.

8. To the extent that Plaintiff suffered any damages, which Defendant denies, Plaintiff is barred from recovery by her failure and refusal to mitigate her damages.

9. Plaintiff's claims for equitable relief are barred because she can show no irreparable harm or inadequate remedy at law, and she is not entitled to an injunction against foreclosure on a deed of trust that is and may remain in default.

10. Plaintiff's claims for punitive damages are barred as Plaintiff cannot prove with clear and convincing evidence the required mental state of Defendant to justify such an award, and further because imposition of punitive damages in this case would violate the United States and Missouri Constitutions.

11. Defendant specifically reserves its right to assert any and all additional affirmative defenses, third-party claims, and counterclaims which this proceeding and discovery may reveal to be appropriate.

WHEREFORE, Defendant Nationstar Mortgage, LLC prays for dismissal with prejudice of the Petition, at Plaintiff's cost, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRYAN CAVE LLP

By /s/ Kevin M. Abel
Kevin M. Abel, # 39568
Rhiana A. Luaders, # 56535
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: 314-259-2000
Facsimile: 314-259-2020

*ATTORNEYS FOR NATIONSTAR MORTGAGE, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 1st day of May, 2014, the foregoing was served by electronic filing and was sent via First Class Mail to:

Robert T. Healey, Jr.
Healey Law, LLC
640 Cepi Drive, Suite A
Chesterfield, MO 63005

David Humphreys
Luke Wallace
Humphreys Wallace Humphreys P.C.
9202 South Toledo Ave.
Tulsa, OK 74137

***Attorneys for Plaintiff***

                                                  /s/ Kevin M. Abel