**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| 1.  JEANNIE K. MAY, | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| 1.  NATIONSTAR MORTGAGE, LLC. | ) |
| | ) |
|        Defendant. | ) |

**PLAINTIFF'S MOTIONS IN LIMINE**

Comes now the Plaintiff and presents the following Motions in limine for the Court's consideration:

**MOTION IN LIMINE NO. 1**

Plaintiff moves the Court for an Order that Defendant Nationstar, its witnesses, and attorneys shall not reference or mention, within the hearing of the jury, any settlement negotiations or mediation sessions which took place between the parties.  Nationstar's corporate representative has raised settlement discussions and offers in his testimony, despite his extensive experience as a corporate officer representing Nationstar in legal proceedings and admonition by counsel not to do so.  (Ex. 1, Loll Deposition at 38:3-22 calling for answer to be stricken and advising not to discuss settlement conference).   The corporate representative brought up settlement in the following questions and answers:

> Q. Okay. When did you do this personal investigation you just told us about? When did you start that? A. I started -- because I know my signature appears on some of the discovery, interrogatories, I was -- I became familiarized with the case prior to the mediation that we held. I was the one who attended that.

Ex. 1 at 13:14-21

> Q. -- or verified it? And when -- when Mrs. May was dealing with this mess, even after they tried to foreclose on her home, were you ever involved in it to drill

1

>down to figure out what the problem was with her account? MS. BREIHAN: Objection. A. I prepared myself. I run a department, also, sir. I handle litigation side. When I prepared myself for the mediation, I was trying to look at what took place.

Ex. 1 at 37:10-12

>Q. December, and we're in May. So five, six months roughly. And I'm assuming before we got together for that meeting in December, you looked into the account?  A. Not to the depths that I look at it today, because we're going into litigation. At the time, I was -- and I know you don't want to talk about the -- but I was at the time trying to resolve the issue through either paying attorney fees or reim -- making it right with your client, because I -- I mean, we weren't walking into that mediation without a checkbook. So we recognized that we had made mistakes, but I was going to -- I was going there strictly to negotiate a settlement, not to handle discovery and go through my entire investigation.

Ex. 1 at 215:11-25

>Q. But -- so you haven't -- what I'm hearing you say is you haven't told Fannie Mae how you treated Jeannie May in this situation?  MS. BREIHAN: Objection. Asked and answered. A. I'm still trying to help Jeannie May as of right now. I'm trying to help her. I'm trying to help her -- I tried to help when we did the mediation

Ex. 1 at 282:17-24

Rule 408 of the Federal Rules of Evidence provides evidence of 1) furnishing or offering to furnish, or 2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.  Evidence of conduct or statements made in compromise negotiations is likewise not admissible.   It is axiomatic that offers of settlement or compromise, absent extraordinary circumstances, are inadmissible. **Greyhound Lines, Inc. v. Miller**, 402 F.2d 134, 139 (8th Cir. 1968).  This rule applies whether the offer is termed a "settlement compromise" or a "settlement offer." **Burns v. City of Des Peres**, 534 F.2d 103, 112 (8th Cir. 1976).   Similarly, the The Missouri approach to the admissibility of settlement offers and offers to compromise are consistent, as Missouri courts

2

have held that offers of settlement are inadmissible because Missouri has chosen to further the policy of encouraging settlements.  **McPherson Redevelopment Corp. v. Watkins**, 743 S.W.2d 509, 510 (Mo.App.1987). There is no real dispute that settlement offers themselves should be confidential.  *See* Loll Deposition at 283:20-21 (Nationstar's counsel Ms. Breihan said "Settlement negotiations are confidential.")

Nonetheless, Nationstar witnesses may still attempt to refer to the early mediation itself as the context for Mr. Loll's (and Nationstar's) extremely belated, piecemeal understanding of Nationstar's errors.   Jurors will be left wondering about what kind of compromises the parties offered and rejected at the mediation.   Allowing references to failed settlement efforts to haunt litigants at trial, even without mention of dollar figures, will undermine the policy of encouraging settlements and discourage parties from participating in structured settlement efforts.   Moreover, allowing such references is likely to mislead the jury, confuse the issues, and waste time at trial, without having any probative value at all, and so should be excluded under Fed. R. Evid. 403.   Nationstar can achieve the same explanation of its "understanding" with reference to its investigation, research, and the dates of such inquiry, without mentioning settlement, mediation, or compromise negotiations or offers.

## MOTION IN LIMINE NO. 2

Plaintiff moves the Court for an Order that Defendant Nationstar, its witnesses, and attorneys shall not reference, suggest or mention, within the hearing of the jury, the availability of an award of attorney's fees or costs to Plaintiff under the fee-shifting statutes at issue in this action, such as the Fair Debt Collection Practices, should she succeed in this litigation, nor that the possibility of such an award is the motivating factor behind the lawsuit.

Defendants in FDCPA cases often claim that the Plaintiff's attorney's fee recovery is the

3

"engine running this suit." That claim is, again, contrary to the intent of Congress that the FDCPA be enforced by private attorneys rather than overburdened public servants. **Graziano v. Harrison**, 950 F.2d 107, 113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fee as a means of fulfilling Congress' intent that the Act should be enforced by debtors acting as private attorneys general"); **LeForge v. Feiwell & Hannoy, P.C**., No. 1:11-CV-00526-RLY, 2014 WL 6066044, at *2 (S.D. Ind. Nov. 13, 2014)(improper to discredit the motives of counsel, and excluding argument that plaintiff's fee recovery is the "engine running this suit")

Moreover, the argument is spurious where, as here, it is completely within Defendants' power to keep Plaintiffs' fee to a minimum. Defendants mount a stalwart defense with full awareness that they are exposing their clients to a higher award of fees by doing so. **McGowan v. King, Inc**., 661 F.2d 48, 51 (5th Cir. 1981). *See also* **Lipsett v. Blanco**, 975 F.2d 943, 941 (1st Cir. 1992). They cannot be heard to complain when this comes to pass.

The Ninth Circuit has clearly stated that in cases where the Plaintiff's claim is under a statute containing a fee shifting provision that "[t]he award of attorney's fees is a matter for the judge not the jury. . . . Furthermore, we believe that informing the jury of the possibility of fees could result in prejudice to the Plaintiff and undermine the public policies behind § 1988. " **Brooks v. Cook**, 938 F.2d 1048, 1050 (9th Cir. 1991). The Ninth Circuit went further to state:

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorney's fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non-existent. When damages are nominaal, there is a risk that the jury may believe that the 'harm' does not justify the payment of a large fee award. The jury may thus decide to find for Defendant rather than allow the Plaintiffs' attorney to recover fees.

**Id.** at 1051. The Ninth Circuit analogized withholding the fee shifting component of claims under 42 U.S.C.§ 1988 from the jury with withholding knowledge of treble damages and the

4

collateral source rule from the jury and held that like treble damages and collateral sources, the potential award of attorney fees should be withheld from the jury. **Id**. at 1051-1052.

The fees shifting component of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, serves the same public policy as the fee shifting component of the FDCPA and 42 U.S.C. § 1988 of having individuals act as private attorneys general to enforce these provisions and the existence of a possible award of attorney fees should be withheld from the jury.  Accordingly, Plaintiff respectfully requests an order directing defendant Nationstar Mortgage, LLC, defendant's witnesses and attorneys not to reference, suggest or mention, within the hearing of the jury, the availability of an award of attorney's fees or costs to the Plaintiff under the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, or the Real Estate Settlement Procedures Act.

**MOTION IN LIMINE NO. 3**

Plaintiff moves the Court for an Order that Defendant Nationstar, its witnesses, and attorneys shall not reference or mention, within the hearing of the jury regarding prior mortgage loans.  In Nationstar's deposition of Plaintiff Jeannie May, Counsel for Defendant repeatedly asked about mortgage loans prior to the loan at issue in this lawsuit and whether or not she ever defaulted on these loans.  Counsel for Nationstar asked and Plaintiff answered multiple questions during the course of the deposition regarding previous loans including:

> Q. How many other mortgage loans had you taken out prior to 2007? A. Four. Q. Four. Okay. Let's go with the very first in time. When did you take out that first mortgage loan? A. It would have been the late '70s. . . .  Q. So during those approximately two to three years that you lived in that first house in the late '70s, did you ever default on that mortgage loan? A. No. Q. What about the second in time, the second mortgage loan you took out, do you recall when that was? A. It was sometime in the 1980s. . . .Q. During the time that you lived in that property in the '80s, did you ever default on that loan? A. No. Q. When did you take out your next mortgage loan? I'm really testing your memory here, I know. A. I don't know why I can't remember this. Q. Do you recall if it was immediately 9 after

5

> that loan in the 1980s we were just 10 discussing?  A. It was approximately 20 years ago, so -- Q. So sometime in the 1990s; is that accurate? A. (The witness indicated.) . . . Q. Did you ever default on the loan secured by the property in St. John?  A. I don't recall honestly. Q. Was it just you on the note and the deed of trust for that St. John property or was your ex-husband on it as well? A. It was just me. Q. But you don't remember one way or the other whether you defaulted on that loan? A. I don't believe I defaulted. I may have paid a little late. . . . Q. And when did you take out your next mortgage loan? A. I believe it was 2003. . . . Q. And at any time did you default on the loan secured by the property in Wentzville? A. I don't believe so. Q. So aside from these four loans we've just discussed and the one in 2007 that's the subject of this lawsuit, have you ever taken out any other mortgage home loans? A. No.

Ex. 2, May Deposition at 23:3-27:7

This line of questioning and subsequent testimony has no tendency to make any fact more or less probable and is of no consequence in determining this action.  It is not relevant and is not admissible pursuant to F.R.E. 401 and 402.  The only default relevant to the present matter is the pre-bankruptcy default on the present mortgage that continued until it was cured through completion of the bankruptcy plan.

In addition, the testimony is a waste of time and should be excluded even if relevant under F.R.E. 403.  Finally, this would be improper character evidence by proof of "other acts" and is not admissible under F.R.E. 404.

Accordingly, Plaintiff respectfully requests an order directing defendant Nationstar Mortgage, LLC, defendant's witnesses and attorneys not to reference, suggest or mention, within the hearing of the jury any mortgage loans that predate the loan that is the subject of this litigation.

## **MOTION IN LIMINE NO. 4**

Plaintiff moves the Court for an Order that Defendant Nationstar, its witnesses, and attorneys shall not reference or mention, within the hearing of the jury of an apology to Plaintiff for its conduct.

Such an apology has no tendency to make any fact more or less probable and is of no consequence in determining the action and should be barred as it is not relevant evidence under F.R.E. 401 and 402.  In addition, an apology may confuse the jury into thinking that it somehow eliminates or mitigates actual or punitive damages. Allowing this testimony will also waste time and require a great deal of examination time focused on peripheral issues. An apology should be barred under F.R.E. 403.

Accordingly, Plaintiff respectfully requests an order directing defendant Nationstar Mortgage, LLC, defendant's witnesses and attorneys not to reference, suggest or mention, within the hearing of the jury that Nationstar apologizes for its conduct.

Respectfully submitted,

**HUMPHREYS WALLACE HUMPHREYS, P.C.**

By: /s/ Luke Wallace
David Humphreys, OBA # 12346, *Pro Hac Vice*
Luke J. Wallace, OBA # 16070, *Pro Hac Vice*
Paul Catalano, OBA # 22097, *Pro Hac Vice*
9202 South Toledo Avenue
Tulsa, Oklahoma 74137
918-747-5300 / 918-747-5311 Facsimile

Elizabeth S. Letcher, CA Bar No. 172986, *Pro Hac Vice*
Law Offices of Elizabeth S. Letcher
60 29th St, No. 221
San Francisco, CA  94110
415-643-4755 / 415-738-5400 Facsimile

Robert T. Healey, Jr., MO Bar No. 34138
Healey Law LLC
640 Cepi Drive, Suite A
Chesterfield, Missouri  63005
636-563-5175 / 636-590-2882 Facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

     I hereby certify that on the _____ day of _____, 2015, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing.  The Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Kevin M. Abel
Amy E. Breihan
Rhiana A. Luaders
Bryan Cave LLP
One Metropolitan Square
211 N Broadway, Ste 3600
St. Louis, MO  63102

Jeffrey M. Tillotson
Lynn Tillotson Pinker & Cox LLP
2100 Ross Av, Ste 2700
Dallas, TX  75201
*Attorneys for Defendant Nationstar Mortgage LLC*

                                                                                _____