# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JEANNIE K. MAY,** § § **Plaintiff,** § § v. § § **NATIONSTAR MORTGAGE LLC,** § § **Defendant.** § | Case No. 4:14-CV-578-TCM |

## DEFENDANT'S MOTIONS IN LIMINE

TO THE HONORABLE COURT:

Defendant Nationstar Mortgage LLC ("Nationstar") hereby files this Motion in Limine. In support, Nationstar would show the Court as follows:

## **ARGUMENT**

The matters described below are not admissible in evidence for any purpose and have no bearing on the issues or the rights of the parties to this case. Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would confuse the issues, mislead the jury, and create the danger of unfair prejudice. Sustaining objections to such questions, statements, or evidence, or instructing the jury with respect to such questions, statements, or evidence, would not prevent prejudice, but will reinforce development of questionable evidence.

Nationstar moves for an Order in Limine prohibiting Plaintiff Jeannie May, its counsel, and witnesses, including those that may testify by deposition only, to refrain from doing or saying, directly or indirectly, anything in the presence of the jury or jury panel that would in any way advise, suggest, or imply any of the following matters or from doing any of the following

acts without first approaching the bench, out of the presence of the jury or jury panel, and obtaining approval from the Court.

The matters to which this Motion in Limine are addressed are either inadmissible or so highly prejudicial that, even though an objection would be timely made and sustained, irreparable harm would be done to Nationstar.  The matters of information made the subject of this Motion in Limine and that Nationstar asks this Court to prohibit Plaintiff from offering without first asking for a ruling as to admissibility from the Court, outside the jury's presence, are as follows:

1. **Prohibit any reference to the facts or circumstances regarding or involving any borrower besides Plaintiff, including introducing any evidence regarding the facts and circumstances involving Jennifer Prostredny.**

    **What This Motion Seeks to Prohibit:**  Any reference to or introduction of evidence regarding Nationstar's dealings with borrowers *other than* Plaintiff.  In particular, Plaintiff seeks to offer testimony from an individual named Jennifer Prostredny and her dealings with Nationstar.  Ms. Prostredny's. mortgage loan was serviced by Nationstar.  This motion seeks to exclude all such testimony and evidence.  In addition, this would preclude Plaintiff from referencing or mentioning any other borrower complaints or that she may have gathered from sources such as the internet, Better Business Bureau, Yelp or similar sources.

    **Legal Basis for Excluding Such Evidence:**  Nationstar's dealings with other borrowers are irrelevant under Fed. R. Evid. 401 and 402.  In particular, Ms. Prostredny's situation was different from Plaintiff's and no particular aspect of her dealings with Nationstar tends to prove any specific act that Nationstar undertook with respect to Plaintiff.  In fact, the events involving Ms. Prostredny largely occurred several months *after* this lawsuit was filed.

    Further, the prejudicial effect of allowing evidence regarding an unrelated borrower's dealings with Nationstar would outweigh any probative value it may have pursuant and thus the evidence should be excluded under Fed. R. Evid. 403.  If allowed, the situation involving Ms. Prostredny would become a "trial-within-a-trial" as Nationstar would be forced to introduce evidence regarding her situation and Nationstar's dealing with her.

    Nor is the evidence admissible under Fed. R. Evid. 404.  Plaintiff's evidence of an isolated, post-litigation mortgage servicing dealings with another customer—however similar—amounts to inadmissible character evidence.  The evidence is being offered to

show that Nationstar acted "in conformity" with that act in this case, and thus it is inadmissible under Fed. R. Evid. 404(b); *see also Rodrick v. Wal-Mart Stores E., LP*, 07-0768CVWREL, 2010 WL 1994804, at *2 (W.D. Mo. May 14, 2010) ("Evidence which is offered to show a propensity is improperly admitted under Rule 404(b)."). Further, none of the exceptions under Fed. R. Evid. 404(b) apply. Because the two borrowers and their circumstance are unrelated (and do not involve the same specific Nationstar employees), the evidence does not tend to prove "intent," "absence of mistake," or "plan." With regard to proving the evidence satisfies one of the exceptions under Fed. R. Evid. 404(b), Plaintiff must specifically articulate how the evidence fit into one of these exceptions. *See Rodrick*, 2010 WL 1994804, at *2 (noting the 404(b) exceptions allowing admission "for reasons other than propensity" but finding that "defendant has not offered any other reason in its pleadings."). That burden is not satisfied here.

Finally, the proposed evidence certainly does not constitute Nationstar's "routine practice," sufficient to satisfy Fed. R. Evid. 406. To fall under the Fed. R Evid. 406 exception, "the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988) (citing Fed. R. Evid. 406 (Notes of Advisory Committee)).

GRANTED:  _____        DENIED:  _____

**2. Prohibit any reference to or claim by Plaintiff for damages that are too speculative.**

**What This Motion Seeks to Prohibit:**  Plaintiff's primary claim for damages is based on her allegation that she suffered emotional distress. This motion seeks to preclude Plaintiff from introducing evidence of the following other alleged forms of damages:

(i) lost "equity" in her residence (she claims that the fact that her home was posted for foreclosure either reduced its value or prevented her from selling it and thus she suffered some damage);

(ii) lost income or tax benefits from her job (she voluntarily left her job and then returned several months later at a lower salary); and

(iii) damages suffered by other family members based on what happened to Plaintiff (primarily her son).

**Legal Basis for Excluding Such Evidence:**  The evidence regarding the above categories of damages should be excluded for several reasons. ***First***, such evidence is too speculative to support a claim for damages and thus should be excluded under Fed. R. Evid. 401 and 402. Each category of damages finds no evidentiary support as set forth below:

- **Lost of Equity in Home.**  There is no competent evidence that Plaintiff's house was worth less simply because it was posted for foreclosure for a short period of

3

time.  Nor is there any evidence that Plaintiff sought to sell her home but was prevented from doing so because it was posted for foreclosure.  Indeed, there is no evidence that Plaintiff even has any equity in her home -- her original mortgage was in an amount equal to the purchase price -- so that she would have realized any profit from such a sale.  Moreover, Plaintiff never sought to sell her home since the foreclosure posting was removed. Thus, she suffered no damages related to the equity in her home and any such claim is purely speculative.

- **Lost Wages.**  There is no evidence to support a claim that Plaintiff lost any wages as a result of Nationstar's actions.  *After* this lawsuit was filed, Plaintiff voluntarily left her employment in May 2014.  She testified that she left in part because of a difficult relationship with a new supervisor.  *Deposition of Jeannie May* at pages 17-20 ("Q: Did his – Mr. Kozlowski's [new supervisor] management style have something to with the reasons you left [your job]? A: Yes.") (page 19, lines 22-25).  Plaintiff returned to her job (again voluntarily) in December 2014.  Yet none of her actions with respect to her job are attributable to Nationstar.   There simply is no connection between Nationstar's actions and Plaintiff's decision to voluntarily quit her job.

- **Other Family Members.**  To the extent Plaintiff seeks to introduce evidence regarding the emotional distress of other members of her family (primarily her son) such evidence is inadmissible.  Plaintiff cannot recover for any such damages and any evidence regarding the condition or distress of any other person is irrelevant under Fed. R. Evid. 401 and 402.

*Second*, none of the above categories of damages are recoverable as a matter of law.  Most of Plaintiff's asserted causes of action (*e.g.* RESPA; FCRA, *etc.*) allow for recovery of "actual" (or direct) damages.  Yet the above categories of damages are not direct damages at all and are more akin to consequential or indirect damages.  This is because they do not arise directly from the actions of Nationstar.  Damages that flow directly and immediately from an act are considered actual or direct damages. *See Baybrook Dev. Co. v. Orient Handel, Inc*., 562 F. Supp. 262, 263 (E.D. Mo. 1983) ("[i]n Missouri an injured party may recover damages for breach of contract [for] . . . actual damages which are the direct and natural consequences of the breach.").  The categories of damages above are "one step removed" from the alleged conduct of Nationstar and thus are indirect or consequential damages.

*Third*, the probative value of the foregoing evidence is minimal and is outweighed by the prejudicial effect of allowing these matters before the jury.  Allowing Plaintiff to introduce evidence of remote events that are unconnected to the actions of Nationstar but nonetheless involve some unfortunate circumstances on the part of Plaintiff or her family is highly prejudicial to Nationstar while providing no probative value.  Thus, such evidence must be excluded under Fed. R. Evid. 403.

*Fourth*, with respect to Plaintiff's claim for lost wages, there is no casual connection between Plaintiff's employment departure and the actions of Nationstar.  By

4

May 2014, this lawsuit had been filed and there was no realistic threat of collection or foreclosure on Plaintiff's mortgage.  Since there is no causal connection, the proffered evidence is irrelevant.  Further, allowing Plaintiff to make this claim would be confusing and prejudicial.

**Lost Wages:** GRANTED: _____     DENIED: _____

**Lost Equity:** GRANTED: _____     DENIED: _____

**Family:**     GRANTED: _____     DENIED: _____

3. **Prohibit any reference to damages resulting from the actions of third parties.**

**What This Motion Seeks to Prohibit:**  This motion would preclude Plaintiff from offering evidence that (i) she was rejected for a credit card due to Nationstar's actions or (ii) that she suffered any injury from a negative credit rating.  Thus, the testimony of (i) Doug Huss (representative of World's Foremost Bank) and (ii) LaTonya Munson (representative of Equifax) would be excluded.

**Legal Basis for Excluding Such Evidence:**  The proffered evidence is too speculative to be admitted and does not support a claim for damages.  Thus, it is inadmissible under Fed. R. Evid. 401 and 402.  In support of this objection, Nationstar argues as follows:

- **Credit card.**  Mr. Huss (World's Foremost Bank's representative) testifies that Nationstar's reporting was not "the sole reason she was denied credit." *Deposition of Doug Huss* at page 31.  In fact, like most other credit providers, they take into account a variety of factors and thus her denial of credit, including Plaintiff's prior bankruptcy.  Thus, there is no competent evidence that Nationstar's actions caused Plaintiff to be denied credit.  Thus, Ms. Huss' testimony should be excluded and Plaintiff should not be allowed to claim she was denied a credit card because of Nationstar's actions.

- **Credit rating.**  Ms. Munson (of Equifax) could not identify that any particular inaccurate credit reporting by Nationstar regarding Plaintiff negatively impacted Plaintiff's credit score or, if it did, to what degree.  *Deposition of LaToyna Munson* at page 80 (testifying that she has no knowledge how specific points are assigned to trade lines in an individual's credit file).  Moreover, Plaintiff's credit file revealed other negative credit information that could have affected her credit rating and score.  *Id.* at 88.  As a result, any testimony offered to support a claim of damages from any negative credit rating is speculative and should be excluded.

- 
    GRANTED: _____     DENIED: _____

5

4. **Prohibit any reference to a medical diagnosis of "situational anxiety" that was caused by Nationstar's conduct.**

**What This Motion Seeks to Prohibit:**  This motion would preclude Plaintiff's doctor (Dr. Daniel Maestas) from offering the ultimate conclusion or opinion that Plaintiff suffered from "situational anxiety" due to or because of the conduct of Nationstar.

**Legal Basis for Excluding Such Evidence:**  Defendant has moved to exclude Dr. Maestas and that motion was denied by the Court.[1]  However, while Dr. Maestas' testimony regarding his treatment of Plaintiff is admissible, Nationstar now requests that the Court exclude Dr. Maestas from offering testimony in the form of an ultimate conclusion or diagnosis.  This is because Dr. Maestas cannot make such a definite ultimate diagnosis of the cause of Plaintiff's emotional distress.  Instead, Dr. Maestas agreed that Plaintiff had many different events in her life causing her stress.  *See* Deposition of Dr. Daniel Maestas at page 75; lines 17-21. ("Q:  And that's because the multiple factors contributed to her anxiety, it's not just the home life and the mortgage company; correct? A:  Correct.")  And Dr. Maestas further agreed that he could not pinpoint Nationstar's actions as the proximate cause of her stress.  *Id.*  (page 75; line 1 through page 76; line 1) ("Q: In fact, you can't sit here today and say in your professional opinion that the sole cause of her situational anxiety was her mortgage company, correct? A:  Correct."

   Thus, allowing Dr. Maestas to testify as to the "cause" of her emotional distress amounts to speculation.  This would not prevent Dr. Maestas from testifying as to the condition of Plaintiff, her symptoms and his treatment of her.  But it would exclude what amounts to speculation on his part – a definitive, sole proximate cause diagnosis.

GRANTED: _____          DENIED: _____

5. **Prohibit any evidence from the Better Business Bureau.**

**What This Motion Seeks to Prohibit:**  This motion, if granted, would exclude evidence involving any reference to, communication with or documents relating to complaints made by other borrowers to Better Business Bureau (BBB) regarding Nationstar.  It would also preclude any statements made by anyone to the Better Business Bureau about Nationstar.

**Legal Basis for Excluding Such Evidence:**  Such evidence is inadmissible hearsay under Fed. R. Evid. 802 and is irrelevant under Fed. R. Evid. 401 and 402.  There simply is no probative value to such statements or comments.  Statements to, from or involving the BBB about Nationstar do not prove any fact at issue in this case.

GRANTED: _____          DENIED: _____

---

[1] Plaintiff continues to assert it challenges to Dr. Maestas and his proposed testimony.  Defendant does not wish this motion to be considered a waiver of any of it prior challenges that Dr. Maestas' diagnosis of "situational anxiety" is improper and does not constitute sufficient evidence of emotional distress on the part of Plaintiff.

6

6. **Prohibit any evidence or testimony from Plaintiff's co-workers or Plaintiff's son (Matthew May) regarding Plaintiff's conversations with Nationstar.**

   **What This Motion Seeks to Prohibit:**  This motion, if granted, would exclude any third party from testifying about what they may have heard Plaintiff say to Nationstar in connection with any phone call.

   **Legal Basis for Excluding Such Evidence**:  Any such testimony is inadmissible hearsay under Fed. R. Evid. 802**.**

   GRANTED: _____          DENIED: _____

## **PRAYER**

Defendant Nationstar Mortgage LLC requests that this Motion in Limine be granted with respect to each of the above-referenced matters, and that the Court instruct Plaintiff Jeannie May, her witnesses, and counsel not to ask any questions on voir dire, interrogate any witness, introduce any evidence, or make any reference directly or indirectly or make any comments in the presence of the jury in any manner whatsoever concerning any of the matters set forth herein, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause, and that Defendant Nationstar Mortgage LLC be granted such other and further relief, whether at law and in equity, to which it may be justly entitled.

DATE: November 6, 2015					Respectfully submitted,

									_____
									Jeffrey M. Tillotson, P.C.  (*Pro Hac Vice*)
									Federal Bar No. 20039200T
									jmt@lynnllp.com
									Ben A. Barnes
									Texas Bar No. 24088198
									bbarnes@lynnllp.com
									**LYNN TILLOTSON PINKER & COX, L.L.P.**
									2100 Ross Avenue, Suite 2700
									Dallas, Texas  75201
									(214) 981-3800 Telephone
									(214) 981-3839 Facsimile

									Kevin M. Abel, #39568
									Rhiana A. Luaders, #56535MO
									Amy E. Breihan, #65499MO
									**BRYAN CAVE LLP**
									One Metropolitan Square
									211 N. Broadway, Suite 3600
									St. Louis, Missouri  63102
									(314) 259-2000 Telephone
									(314) 259-2020 Facsimile

									**ATTORNEYS FOR DEFENDANT**
									**NATIONSTAR MORTGAGE LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record are being served on November 6, 2015 with a copy of this document *via* the Court's CM/ECF system.

HUMPHREYS WALLACE HUMPHREYS, P.C.
David Humphreys, OBA #12346, *Pro Hac Vice*
Luke J. Wallace, OBA #16070, *Pro Hac Vice*
9202 South Toledo Avenue
Tulsa, Oklahoma 74137
918-747-5300 Telephone
918-747-5311 Facsimile

Robert T. Healey, Jr., MO Bar No. 34138
Healey Law LLC
640 Cepi Drive, Suite A
Chesterfield, Missouri 63005
636-563-5175 Telephone
636-590-2882 Facsimile
*ATTORNEYS FOR PLAINTIFF*

Jeffrey M. Tillotson, P.C.

4821-6074-1162, v. 6