## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| **JEANNIE K. MAY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case no. 4:14cv0578 TCM** |
| | ) |
| **NATIONSTAR MORTGAGE, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

After a four-day trial, the jury found for Jeannie May (Plaintiff) on two of the claims she raised in her second amended complaint: a state tort claim for invasion of privacy and a claim for negligent violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* The jury found for Nationstar Mortgage, LLC (Defendant) on Plaintiff's claims of a willful violation of the FCRA; a violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; and violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617. The Court earlier dismissed Plaintiff's claims for wrongful foreclosure. Prior to trial, Plaintiff dismissed her claims for slander of title, breach of contract, and violations of the Missouri Merchandising Practices Act, Mo.Rev.Stat. § 407.020 *et seq.*

Section 1692k(a)(3) of the FCRA provides for an award of "a reasonable attorney's fee" and "the costs of the action" to a successful plaintiff. Attorney's fees may not be awarded to Plaintiff for her invasion of privacy claim. *See* **Baker Botts L.L.P. v. ASARCO LLC**, 135 S.Ct. 2158, 2164 (2015) (noting that under the American rule, "[e]ach litigant pays [her] own

attorney's fees, win or lose, unless a statute or contract provides otherwise") (internal quotations omitted).  Arguing that, unless specifically noted, her attorneys' time was spent on issues inextricably related to her successful FCRA claim, Plaintiff seeks an award of $667,000 in fees and $39,351.40 in costs.  Countering that the FCRA claim involved a discrete set of facts within a narrow time period, Defendant contends that no more than approximately $100,000.00 should be awarded.  For the reasons set forth below, the Court finds that an award in an amount between the two extremes is appropriate.

The Fee Request of Humphreys Wallace Humphreys.  The majority of the fee request is for the work of attorneys, a paralegal, and a legal assistant with the Oklahoma firm of Humphreys Wallace Humphreys.  Specifically, David Humphreys requests an award of $168,215.00 for 395.80 hours billed at an hourly rate of $425; Luke Wallace requests an award of $273,955.00 for 644.6 hours billed at an hourly rate of $425; Paul Catalano requests an award of $42,800.00 for 171.2 hours billed at an hourly rate of $250; Pat Turowksi requests an award of $12,975.00 for 103.8 hours billed at an hourly rate of $125; Diane Allbritton, a paralegal, requests an award of $10,637.50 for 85.1 hours billed at an hourly rate of $125; and Shane Parker, a legal assistant, requests an award of $9,875.00 for 79 hours billed at an hourly rate of $125.  The various hourly rates are not at issue.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983).  This calculation, referred to as the "lodestar approach," results in a product which "'*is presumed* to be the reasonable fee' to which counsel

-2-

is entitled." **Pennsylvania v. Del. Valley Citizens' Council for Clean Air**, 478 U.S. 546, 564 (1986) (quoting <u>Blum v. Stenson</u>, 465 U.S. 886. 897 (1984)); <u>accord</u> **Hanig v. Lee**, 415 F.3d 822, 825 (8th Cir. 2005). This amount "should be one that is 'adequate to attract competent counsel, but does not produce windfalls to attorneys.'" **Beard v. Flying J, Inc.**, 2000 WL 33361999, *2 (S.D. Iowa Dec. 4, 2000) (quoting <u>Hendrickson v. Branstad</u>, 934 F.2d 158, 162 (8th Cir. 1991)). And, hours that are "excessive, redundant, or otherwise unnecessary" are not to be included an award of fees. **Hensley**, 461 U.S. at 433-34. Thus, "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." **Id.** at 440. <u>See</u> also **Murray v. Stuckey's, Inc.**, 153 F.R.D. 151, 153 (N.D. Iowa 1993) ("No fee may be awarded on an unsuccessful claim." ) (citing <u>Hensley</u>, 461 U.S. at 435).

The jury was instructed that it must return a verdict for Plaintiff on her FCRA claim if (1) "she disputed the completeness or accuracy of information Nationstar reported to a credit reporting agency with the credit reporting agency" and (2) "upon receiving notice of the dispute, Nationstar failed to comply with its duties." (Jury Inst. 21, ECF No. 152-24.) Those duties were to "a) conduct a reasonable investigation of the dispute; *and* b) review all the relevant information that the credit reporting agency provides; *and* c) modify the information, delete it, or permanently block its reporting, where an inaccuracy has been found." (<u>Id.</u>) The investigation "must be reasonable." (<u>Id.</u>) The evidence before the jury was that Defendant consistently failed to correct its records on Plaintiff's mortgage; repeatedly disregarded Plaintiff's many efforts to correct the records, including ignoring its own documents showing

Plaintiff to be right; and, up to six months before trial, steadfastly persisted in treating Plaintiff's account as being in arrears.  Defendant's failure to comply with its duties under the FCRA was but one result of this pattern.  Consequently, although the Court will not, as urged by Plaintiff, consider all hours not specifically identified as being spent on pursuit of an unsuccessful claim as being related to her FCRA claim, the Court also will not, as urged by Defendant, only consider relevant Defendant's conduct between June and October 2014 and reduce the hours claimed by 85 percent.

David Humphreys has twenty-eight years' experience as an attorney; Luke Wallace has twenty-one.  Both "have been named repeatedly as Oklahoma Super Lawyers," and both have been named Trial Advocates of the Year by the National Association of Consumer Advocates. (Humphreys Aff. ¶ 13-14, ECF No. 162.)  The Court questions, therefore, the need for both to attend depositions and appear at trial.  Surely, with their acknowledged expertise, either would be more than capable of handling a deposition, pretrial conference, or trial without the presence of the other.  See e.g. **Luong v. China Garden**, 2012 WL 2122200, *2 (D. S.D.. June 12, 2012) (reducing a request for four hours spent on legal research on grounds that the hours expended were "more than an attorney with [the movant's] expertise and experience should require"); **Gay v. Saline Cnty**, 2006 WL 3392443, *3 (E.D. Ark. Oct. 20, 2006) (finding number of hours claimed for research and drafting to be excessive, "especially when considered with the hourly rate demanded by . . . counsel").  Whenever Humphreys and Wallace both bill for their presence at the same matter, the Court will strike the request of the one who billed for the fewer hours.  Accordingly, the following fees will not be awarded:

-4-

| | | |
|---|---|---|
| Maestas Deposition: | 10.9 hours for Wallace | $ 4,632.50 |
| Agyemon deposition: | 7.7 hours for Wallace | $ 3,272.50 |
| Kimbuta deposition: | 2.3 hours for Wallace | $ 977.50 |
| Loll deposition: | 30.8 hours for Humphreys | $13,090.00 |
| Pretrial conference: | 13 hours for Humphreys | $ 5,525.00 |
| Trial: | 61.5 hours for Humphreys[1] | $26,137.50 |

Fees are also sought for various tasks without any apparent reduction for the limited portion that addressed FCRA issues. For instance, work on a memorandum addressing all claims, a partly-successful motion to compel, the supplemental complaint, the mediation statement, jury instructions, and the trial brief included issues relevant to the claims Plaintiff did not pursue at trial, did not prevail on at trial, or did not provide for an award of fees and costs. The hours spent on such work are as follows and will be reduced by two-thirds, or 66.6 percent.

| | | |
|---|---|---|
| Memorandum: | 4.1 hours for Catalano | $ 2,550.00 |
| Supplemental complaint: | 15.4 hours for Catalano | $ 3,850.00 |
| | 2 hours for Wallace | $ 850.00 |
| Mediation statement: | 7.8 hours for Catalano | $ 1,950.00 |
| | 6 hours for Wallace | $ 2,550.00 |
| | .5 hour for Allbritton | $ 62.50 |
| Motion to compel pleadings: | 16.4 hours for Catalano | $ 4,100.00 |
| | 1.0 hour for Humphreys | $ 425.00 |
| | .8 hour for Wallace | $ 340.00 |

---

[1]This includes a claimed 29.5 hours on November 20, 2015 – one entry for 13 hours and one for 16.50 hours for the same day. The Court takes judicial notice that there are only 24 hours in a day.

| Jury instructions: | 13.6 hours for Humphreys | $ 5,780.00 |
| | | |
| Trial brief: | 1.5 hours for Allbritton | $   187.50 |
| | 13.1 hours for Catalano | $ 3,275.00 |
| | 11.6 hours for Humphreys | $ 2,592.50 |
| | 1.1 hour for Wallace | $   467.50 |

The total fees sought for each biller and the subsequent reduction are:

| Catalano | $15,725.00 total | less $10,472.85 | equals $ 5,252.15 awarded |
| Humphreys | $ 8,797.50 total | less $ 5,859.14 | equals $ 2,938.36 awarded |
| Wallace | $ 4,207.50 total | less $ 2,802.20 | equals $ 1,405.30 awarded |
| Allbritton | $   250.00 total | less $     83.50 | equals $     66.50 awarded |

Similarly, the Court finds that not all the time spent on discovery requests, depositions, trial preparation, and the trial can be reasonably attributed to the successful FCRA claim. For instance, the invasion of privacy claim required that the jury find that Defendant "intentionally intruded, physically or otherwise, on [Plaintiff's] solitude or seclusion, or her private affairs" and "that such intrusion would be highly offensive to a reasonable person." (Inst. No. 9, ECF No. 152 at 11.) The FDCPA claim required that the jury find that Defendant used unfair or deceptive means to collect a defaulted loan from Plaintiff. (Inst. No. 12, ECF No. 152 at 14.) The RESPA claim required that the jury find that Defendant failed in its duty to respond to a "qualified written request" from Plaintiff relative to her mortgage. (Inst. No. 17, ECF No. 152 at 19.) Clearly, not all work done in deposing witnesses, preparing for trial, and trying the case is reasonably related to Plaintiff's FCRA claim. Conversely, a reduction in this time by

85 percent fails to recognize the frequency in which evidence relevant to the FCRA was also relevant to Plaintiff's unsuccessful claims or to her successful state law claim for which attorney's fees may not be awarded.  Having presided over this much-litigated case for twenty months, the Court finds that a reduction in time spent on depositions, trial preparation, and trial is appropriate.[2]  The hours and fees at issue are:

| | | |
|---|---|---|
| Depositions: | 96.4 hours for Wallace | $40,970.00 |
| | 8.5 hours for Humphreys | $ 3,612.50 |
| | 10.0 hours for Allbritton | $ 1,250.00 |
| | | |
| Trial preparation: | 92.2 hours for Wallace | $39,185.00 |
| | 52.2 hours for Humphreys | $22,185.00 |
| | 34.6 hours for Allbritton | $ 4,325.00 |
| | 16.0 hours for Parker | $ 2,000.00 |
| | | |
| Trial: | 96.2 hours for Wallace | $39,185.00 |
| | 30.1 hours for Catalano | $ 7, 525.00 |
| | 52.0 hours for Parker | $ 6,500.00 |

These claimed hours will be reduced by 50 percent.  Therefore, of the total 284.8 hours for Wallace, 142.4 hours will be allowed, for a total amount of $60,520.00.  Of the total 60.7 hours for Humphreys, 30.35 hours will be allowed, for a total of $12,898.75.  Of the total 44.6 hours for Allbritton, 22.3 hours will be allowed, for a total of $2,787.50.  Of the total 68 hours for Parker, 34 hours shall be allowed, for a total of $4,250.00.  Of the total 30.1 hours for Catalano, 15.05 hours shall be allowed, for a total of $3,762.50.

---

[2]Of course, this reduction is in addition to the time spent in duplicating effort, e.g., two very experienced attorneys attending the same deposition, having already been subtracted in its entirety.

In addition to the foregoing duplicative or excessive fees, the motion seeks fees for time spent on claims unrelated to the successful FCRA claim, i.e., a temporary restraining order (TRO) to stop a foreclosure and the RESPA or state law claims.[3]  Also sought are fees related to a focus group, fees relating to pro hac vice (PHV) status and the employment or co-counsel agreements, and a motion for summary judgment that was never filed.  The entirety of these fees will not be awarded.  They are as follows.

| | | |
|---|---|---|
| TRO: | 7.0 hours for Humphreys | $ 2,975.00 |
| | .3 hour for Wallace | $   127.50 |
| | 1.2 hours for Catalano | $   300.00 |
| | | |
| Claims: | 5.0 hours for Wallace | $ 2,125.00 |
| | .8 hour for Humphreys | $   340.00 |
| | | |
| Focus Group: | | |
| | 5.3 hours for Humphreys | $ 2,252,50 |
| | 4.0 hours for Wallace | $ 1,700.00 |
| | | |
| PHV Status: | | |
| | 1.0 hour for Humphreys | $   425.00 |
| | .5 hour for Wallace | $   212.50 |
| | 2.5 hours for Tammy Kelley[4] | $   312.50 |
| | | |
| Agreement: | | |
| | .9 hour for Humphreys | $   382.50 |
| | .2 hour for Wallace | $    85.00 |
| | | |
| Anticipated Motion: | | |
| | 9.1 hours for Wallace | $ 3,867.50 |

---

[3]Movants did identify many hours on the RESPA claims or state law claims for which they do not seek an award.  The hours cited above are very few and were apparently included by mistake.

[4]Ms. Kelley is not identified in Mr. Humphreys' supporting affidavit.  Her hourly rate is listed in the itemized bill as $125.00.

In addition to the fees sought above, another member of the Humphreys Wallace Humphreys firm, Pat Turowski, seeks an award of $12,975.00 for 103.8 hours spent at an hourly rate of $125.00.  The claimed hours include 23 hours spent on data from the Better Business Bureau, 30 hours spent on Federal Rule of Evidence 404(b) witnesses, 6.7 hours spent on preparing work product for Mr. Wallace, 11 hours spent on general document preparation, and 5.9 hours spent reviewing depositions.  These 76.6 hours will not be allowed. Time identified only as "[r]esearch and prepare expert SDT," 3.5 hours, will also not be allowed.  (Pl.'s Mot. Ex A at 27, ECF No. 162-1.)  Time spent on the issue of situational anxiety, including the participation by Dr. Rothschild in the dispute whether such is a recognized diagnosis, will be reduced by half, i.e., 14.5 hours, and the time spent researching Defendant's records for potential witnesses, 1.5 hours, will also be reduced by half.  Time spent on a denial of credit letter and subpoenaing a credit reporting agency, a total of 1.1 hours, will be awarded in full.

In summary, the $168,215.00 sought by Mr. Humphreys is reduced to $97,180.15[5]; the $273,955.00 sought by Mr. Wallace is reduced to $193,632.80[6]; the $42,800.00 sought by Mr. Catalano is reduced to $28,264.65[7]; the $10,637.50 sought by Ms. Allbritton is reduced to

---

[5]This amount is the sum of $168,215.00 minus $71,034.85 ($13,090.00 + $5,525,00 + $26,137.50 + $7,349.10 + $12,898.75 + $2,975.00 + $2,252.50 + $425.00 + $382.00).

[6]This amount is the sum of $273,955 minus $80,322.20 ($4,632.50 + $3,272.50 + $977.50 + $2,802.20 + $60,520.00 + $127.50 + $2,125.00 + $1,700.00 + $212.50 + $85.00 + $3,867.50).

[7]This amount is the sum of $42,800.00 minus $14,535.35 ($10,472.85 + $3,762.50 + $300.00).

$7,766.50[8]; the $9,875.00 sought by Mr. Parker is reduced to $5,625.00; the fees sought by Pat Turowski are reduced to $2,043.75.  The $312.00 sought by Ms. Kelly is included in the total amount sought but is not identified by her name in Mr. Humphreys' summary.  Her role appears to be that of a paralegal; consequently, the $312.00 shall be subtracted from the fees awarded Ms. Allbritton.

Healey Law, LLC.  The frailties of the request of the Humphreys Wallace Humphreys firm are repeated in the request of Robert Healey.  Mr. Healey seeks an award of $80,500.00 for 230 hours spent at an hourly rate of $350.00.   Again, there is no dispute as to the reasonableness of his hourly rate.

As did Mr. Humphreys, Mr. Healey seeks an award of the hours he spent attending the trial.  It was Mr. Healey who was Plaintiff's initial attorney and it was he who brought the other firm into the case.  Accordingly, the time he spent in trial preparation with Plaintiff, 1.8 hours, will be awarded in full.  The time he spend attending a trial in which he did not otherwise participate, 36 hours, will not be awarded.

Mr. Healey also seeks an award of the time he spent attending, but not taking, depositions.  The hours, 21.4, will not be awarded, nor will the time spent reviewing depositions, 12.2 hours.

---

[8]This amount is the sum of $10,637.50 minus $2,871.00 ($83.50 + $2,787.50).

Also not awarded will be time spent on unsuccessful claims:  the RESPA claims, 3.7 hours; the wrongful foreclosure and TRO, 19.5 hours; focus group, 7.8 hours; jury instructions on non-FCRA claims, .7 hour; and the state court petition, 5.5 hours.

Thus, of the 230 hours sought, 1.8 hours will be awarded at the full hourly rate ($630.00) and 106.8 hours will not be awarded at all.  As with the award sought by Humphreys Wallace Humphreys, one-half of the remaining 121.4 hours, 60.7 hours, ($21,245.00), will be awarded.  This amounts to an award of $21,875.00.

<u>Elizabeth Letcher.</u>  Elizabeth Letcher requests that she be awarded $68,042.50 in fees. This amount is the sum of the hours she states she spent on the FCRA claim,160.1, multiplied by her hourly rate of $425.00.  In her supporting affidavit, Ms. Letcher explains that she was engaged to prepare the response to an anticipated motion for summary judgment by Defendant, began work on the case in March 2015, and was admitted *pro hac vice* after mediation failed.  She further states that she has omitted from her fee request 28.9 hours spent that were completely unrelated to the FCRA claim and also eliminated any time she considered to be duplicative or inefficient.  Consequently, according to Ms. Letcher, 85 percent of her billed time was spent on the successful FCRA claim.

The Court does not doubt Ms. Letcher's skilled advocacy, but declines to award her fees spent preparing a response to a pleading never filed.  The 59.4 hours she spent doing so will not be awarded.  Nor will the .9 hours she spent in applying for *pro hac vice* status and the 15.6 hours spent on the question of punitive damages.

Mr. Wallace and Mr. Humphreys both have sought, and been partially awarded, fees for time they spent in mediating Plaintiff's claims. Ms. Letcher requests that she be awarded for the 27.2 hours she spent preparing and editing the mediation statement.[9] Although the course of Defendant's mishandling of Plaintiff's mortgage and its consistent failure to address her repeated efforts to correct Defendant's errors is long, the Court considers the additional time spent by Ms. Letcher in preparing a mediation statement to be excessive. The claimed hours will not be allowed.

Indeed, much of the remaining time spent by Ms. Letcher appears to be excessive given the breath of her research in comparison to the FCRA claim. For instance, she spent 29.9 hours researching and drafting jury instructions, 13 of which included FCRA instructions, and 16.5 hours on issues relevant to motions in limine. The only remaining hours claimed by Ms. Letcher that will be allowed are the 13 hours spent on FCRA instructions. And, the time spent on these instructions is excessive and will be reduced by 50 percent.

In sum, Ms. Letcher will be awarded $2,762.50 in fees (13 divided by .5 multiplied by $425.00).

Costs. The law firm of Humphreys Wallace Humphreys requests an award of $38,401.40 in costs. The law firm of Healey Law, LLC, requests $950.00 in costs. As with

---

[9]The Court notes that there is some overlap between the hours Ms. Letcher spent on the anticipated motion for summary judgment and the mediation statement. Any erroneous characterization of the time being spent on one or the other does not result in any prejudice as all such time will not allowed.

their request for an award of attorney's fees, only the costs reasonably incurred in litigating the successful FCRA claim may be awarded.[10]

Both firms request costs for focus groups; neither will be awarded such. The travel costs for Mr. Humphreys to attend depositions or the trial when Mr. Wallace was also present will not be awarded. These costs total $2,469.34. Also not awarded are the costs for dinners in excess of what an opposing party should be held accountable for, regardless whether some of the dinners included discussions of the case. These six meals total $1,198.76 ($154.91 + $108.50 + $154.53 + $267.22 + $235.01 + $278.59) and will not be awarded.

The remaining $34,233.30 in costs sought by Humphreys Wallace Humphreys will be reduced by 50 percent in recognition of the proportionate share of their successful FCRA claim to the litigation as a whole. Consequently, $17,116.65 will be awarded the firm in costs.

Similarly, the $750.00 sought by Healy Law, LLC, for costs for Plaintiff's treating physician, Dr. Maestas, to attend a conference to discuss his patient will be reduced by half. The sum of $375.00 in costs will be awarded Healey Law LLC.

## Conclusion

Plaintiff shall be awarded in fees and costs less than she requests and more than Defendant advocates. This award reflects the reach of the evidence relative to her successful FCRA claim while recognizing that she did not proceed to trial or prevail at trial on many of

---

[10]Defendant does not object to the requested costs. This silence does not relieve the Court of its duty to examine the request.

her claims and that the only other claim on which she prevailed does not authorize an award of attorney's fees.  Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** Plaintiff's motion for attorney fees and costs is **GRANTED** in part and **DENIED** in part.  [Doc. 158]

The following fees are awarded the firm of Humphreys Wallace Humphreys:

| | |
|---|---|
| David Humphreys | $ 97,180.15 |
| Luke Wallace | $193,632.80 |
| Paul Catalano | $ 28,264.65 |
| Diane Allbritton | $  7,454.50 |
| Shane Parker | $  5,625.00 |
| Pat Turowski | $   2,043.75 |
| **Total** | $334,200.85 |

The firm of Healy Law, LLC, is awarded fees in the amount of $21,875.00.

Elizabeth Letcher is awarded fees in the amount of $2,762.50.

The following are also awarded as costs:  $17,116.65 is awarded the Humphreys Wallace Humphreys firm and $375.00 is awarded Healey Law LLC.

 /s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  17th  day of December, 2015.

-14-